### FAIRBANKS, MORSE & CO. v. C. A. STICKNEY & CO.

(Circuit Court, D. Minnesota, Third Division. February 26, 1902.)

**1. PATENTS—INVENTION—NEW COMBINATION OF OLD ELEMENTS.**

Where it is admitted that the device of complainant's patent consists entirely of a combination of old and well-known elements, the burden rests on him to show that such combination produces a new and better result than that produced by prior combinations to sustain the claim of patentable invention.

**2. SAME—FRICTION CLUTCH MECHANISM.**

The Hobart patent, No. 655,440, for a clutch mechanism, *held* void, on the evidence, for lack of patentable invention.

In Equity. Suit for infringement of letters patent No. 655,440, granted to Frank G. Hobart, February 7, 1900, for a clutch mechanism. On final hearing.

Paul Synnestvedt, for complainant.
John E. Stryker, for defendant.

LOCHREN, District Judge (orally). The complainant is the owner of letters patent No. 655,440, that were issued on the 7th day of February, 1900, to Frank G. Hobart, for a clutch mechanism, and it brings this suit against the defendant, claiming that it has infringed this patent, seeking the usual relief in a suit in equity by injunction and damages.

The first question is as to the validity of the patent, and next as to the alleged infringement. It is not contended but that the device of the complainant is an operative and valuable one, but it is contended that there is no invention in its construction; that it is a mere combination of old elements, performing the same functions, in the same way, as older machines; and also that the defendant's device differs substantially from that of the complainant, and does not infringe; that it does not have certain elements which are essential, and as such described in the claims of the patent.

I do not think there is any doubt that, if the device of the complainant were a new construction, it is such a one as would be patentable; and in that case, if it were entitled to a liberal application of the doctrine of equivalents, it would seem that the defendant's device is so nearly like it in all elements and parts that it would be held to infringe. But this is not claimed by the complainant to be a new device, but only a combination of old elements, and one question is whether it shows invention, so as to be patentable, under the decisions of the courts.

It has been held that a new combination or arrangement of old and well-known devices, provided that a new and useful result is attained thereby,—as when the combination makes the machine more effective than those preceding it, and being, for that reason, accepted by the public as an obvious improvement upon what has been before used, and so comes into general use,—shows such an advance in the art as to be recognized as patentable, and that changes producing such results are sufficient evidence of invention as to be admitted as such.

The first and most serious question in this case is whether the evidence shows that complainant's device is one of that character. It is admitted to be a combination of old elements. It also appears that there have been before a good many machines constructed by others, and some of them patented, to perform the same work. Friction clutches have been in use for various purposes for a long time, and they are constructed in many ways,—either by having substances, whether of wood or metal, on shafts, moving together by friction, by touching and rubbing, whether they are simply cylindrical, or, as in this case, conical in form; the latter being, where it can be used, apparently the favorite form, by reason of the fact that it can be detached so readily, and the friction removed.

Now, is there any evidence in the case that this device performs the functions any differently from those of machines that had gone before, or that it produces any different or useful result? These are matters that should be shown at the outset to establish the fact that there is invention in the machine such as would warrant its being patented. There seems to be no direct evidence, at least none has been referred to by counsel, as to that particular subject,—as to the efficacy of the machines that have gone before this; no comparison between this present machine and its predecessors. All that has been mentioned is the statement that during the first year when it was put in use there were some 500 of the machines disposed of. There is no evidence as to the amount of other and similar machines which had been disposed of, or whether this number comprises nearly all that have gone into use in the country, or only a small fraction. I have no means of determining that the result attained was different from that in other cases, or that it was reached in a different way. I think, without dwelling upon the matter further, that I must hold that this patent fails, and that the machine is not patentable, being simply a combination of old devices, reaching old results in substantially the same way.

It is not necessary, in order to defeat a patent of this kind, as I understand the law, that it should be shown, as it would have to be for a patent for a device that was claimed to be entirely new,—a new invention,—that it had been preceded by some machine that was exactly or substantially like it in all respects, and anticipated in that way. It is not necessary that this should be shown in the case of a patent for a combination of old devices, where it is admitted that the devices are old, as there is no invention in merely assembling the different old elements. But, in order to sustain such a patent, it must appear that there was invention in so putting them together that it produced a new result,—a new and valuable result,—and not merely the old result in substantially the old way. There is no invention merely in a change in the form of uniting the constituent elements, or in the manner of assembling them together, to form the machine, if the result is the same as in prior machines.

For these reasons, I think the decree must be for the defendant in this case, dismissing the bill. Ordered accordingly.